11-149-cv
Curtis v. The Law Offices of David M. Bushman, Esq.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 13th day of October, two thousand eleven.

Present:    ROBERT A. KATZMANN,
            DEBRA ANN LIVINGSTON,
            SUSAN L. CARNEY,
                        *Circuit Judges*.

_____

W. ROBERT CURTIS, Sc.D., J.D, CURTIS & ASSOCIATES, P.C.,

            *Plaintiffs-Appellants*,

            - v -                      No. 11-149-cv

THE LAW OFFICES OF DAVID M. BUSHMAN, ESQ., DAVID M. BUSHMAN, Attorney at Law, JANET CALLAGHAN, EILEEN DEGREGORIO, STEVI BROOKS NICHOLS, JEFFREY LEVITT, ESQ., Attorney at Law, HERBERT MONTE LEVY, ESQ., LAW OFFICES OF HERBERT MONTE LEVY, ESQ., JOHN DOE, ESQ., LAW OFFICES OF JOHN DOE, ESQ., JANE DOE, ESQ., LAW OFFICES OF JANE DOE, ESQ.,

            *Defendants-Appellees.*

_____

For Plaintiffs-Appellants:          W. ROBERT CURTIS, Curtis & Associates, P.C.,
                                    New York, N.Y.

For Bushman Defendants-Appellees:   LORIN A. DONNELLY, Milber Makris Plousadis
                                    & Seiden, LLP, Woodbury, N.Y.

For Defendants-Appellees Levitt and     Jeffrey Levitt, Esq., Massapequa, N.Y.
Turansky:

For Defendant-Appellee DeGregorio:     HERBERT MONTE LEVY, ESQ., New York, N.Y.

For Defendant-Appellee Brooks:     Stevi Brooks Nichols, *pro se*, Colorado Springs, Colo.

For Levy Defendants-Appellees:     MATTHEW TRACY, Winget, Spadafora & Schwartzberg, LLP, New York, N.Y.


     Appeal from the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

     Plaintiffs-Appellants Curtis & Associates, P.C. and W. Robert Curtis (collectively "Curtis") appeal from a December 17, 2010 judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*) dismissing with prejudice their complaint alleging civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, denying leave to amend, denying motions to disqualify counsel, and denying sanctions against Curtis. Curtis alleges, in essence, that various of his former clients and those clients' current counsel committed violations of RICO by bringing "counterfeit" malpractice claims and disputing fees earned by Curtis in his former representation of these clients. We assume the parties' familiarity with the facts and procedural history of the case.

     RICO creates a private right of action that allows a plaintiff to recover threefold damages. 18 U.S.C. § 1964(c). "In order to recover damages under RICO, . . . a plaintiff must show '(1) a substantive RICO violation under § 1962; (2) injury to the plaintiff's business or property, and (3) that such injury was by reason of the substantive RICO violation.'" *UFCW*

2

*Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 131 (2d Cir. 2010) (quoting *City of New York v.*

*Smokes-Spirits.com, Inc.*, 541 F.3d 425, 439 (2d Cir. 2008), *overruled on other grounds by Hemi*

*Grp., LLC v. City of New York*, 130 S. Ct. 983 (2010)).  A section 1962 violation requires

proving "that the defendant participated or conspired to participate, directly or indirectly, in the

conduct of an enterprise through a pattern of racketeering activity."  *United States v. Burden*, 600

F.3d 204, 214 (2d Cir. 2010); *see also* 18 U.S.C. § 1962.

"Racketeering activity" is defined to mean any of a list of state and federal crimes that

includes mail and wire fraud.  *See* 18 U.S.C. § 1961(1).  Mail fraud "occurs whenever a person,

'having devised or intending to devise any scheme or artifice to defraud,' uses the mail 'for the

purpose of executing such scheme or artifice or attempting so to do.'" *Bridge v. Phoenix Bond &*

*Indem. Co.*, 553 U.S. 639, 647 (2008) (quoting 18 U.S.C. § 1341).  "The gravamen of the offense

is the scheme to defraud, and any 'mailing that is incident to an essential part of the scheme

satisfies the mailing element,'" *id.* (quoting *Schmuck v. United States*, 489 U.S. 705, 712

(1989)), "even if the mailing itself 'contain[s] no false information,'" *id.* (alteration in original)

(quoting *Schmuck*, 489 U.S. at 715).  "Likewise, a defendant commits wire fraud where he 'was

one of the participants in a fraudulent scheme which was furthered by the use of interstate

transmission facilities.'" *Smokes-Spirits.com*, 541 F.3d at 446 (quoting *United States v. Corey*,

566 F.2d 429, 431 n.2 (2d Cir. 1977)).  "[A]ll allegations of fraudulent predicate acts[] are

subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  In

addition to alleging the particular details of a fraud, 'the plaintiffs must allege facts that give rise

to a *strong* inference of fraudulent intent.'" *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*,

385 F.3d 159, 178-79 (2d Cir. 2004) (citations omitted) (quoting *Moore v. PaineWebber, Inc.*,

3

189 F.3d 165, 173 (2d Cir. 1999)). "Although it is true that matters peculiarly within a defendant's knowledge may be pled 'on information and belief,' this does not mean that those matters may be pled lacking any detail at all." *Id.* at 179.

"[W]e review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6). While we generally review a district court's denial of a motion for leave to amend a pleading for abuse of discretion, where the denial is based on rulings of law, our review is *de novo*." *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 88 (2d Cir. 2011) (citations omitted). Although the district court both dismissed Curtis's amended complaint and, after reviewing Curtis's proposed second amended complaint, denied his request to amend as futile, Curtis now abandons any reliance on the amended complaint and challenges only the rejection of his proposed second amended complaint. Accordingly, because the district court's denial was based on rulings of law, we review the sufficiency of the proposed second amended complaint *de novo*.

Curtis and defendants have been involved in numerous state court proceedings stretching back for many years. Curtis alleges that the underlying state court lawsuits between Curtis and defendants were part of the interconnected "schemes" of Defendants-Appellees the Law Offices of David M. Bushman, Esq., David M. Bushman, Attorney at Law, and David M. Bushman, Esq. (collectively "Bushman") "to Defraud Curtis" and "to Obtain Money,"[1] J.A. 2377, and that

---

[1] According to a chart included as Exhibit 1 to the proposed complaint, the first scheme contained as its components (1) creation of a "false basis of discharge 'for cause' to obtain fee forfeiture and fee disgorgement," (2) commencement of "frivolous legal malpractice claims to obtain money from Curtis' [sic] insurer," and (3) creation of "'legitimate' reasons for fraudulent asset transfer to make clients judgment-proof," while the second scheme involved Bushman's obtaining of money by means of (1) "false promises made to his new clients" and (2) "false pretenses and false representations made in submissions to the courts." J.A. 1966. On appeal,

4

Bushman recruited and controlled Defendants-Appellees Jeffrey Levitt, Esq. and Jeffrey Levitt, Attorney at Law (collectively "Levitt"); Herbert Monte Levy, Esq. and Law Offices of Herbert Monte Levy, Esq. (collectively "Levy"); and Stevi Brooks Nichols ("Nichols") to execute his schemes. Curtis further alleges that in the course of those suits, defendants made, submitted, or suborned the submission to the courts of various false and misleading statements or evidence. He alleges as predicate acts of mail and wire fraud the transmission of court filings and other case-related communications in the underlying state court lawsuits.

Curtis contends on appeal that the district court erred in, *inter alia*, concluding that Curtis had failed to plead a fraudulent scheme with the particularity required by Rule 9(b). However, after a thorough review of the proposed second amended complaint, which is full of conclusory and speculative allegations pertaining to the alleged fraudulent schemes, we conclude that Curtis has failed to adequately plead a plausible fraudulent scheme.

The alleged "schemes" require the coordination of the defendants: three counsel (Bushman, Levy, and Levitt) and three former Curtis clients (Defendants-Appellees Nichols, Janet Turansky Callaghan ("Turansky"), and Eileen DeGregorio). Levy is conclusorily alleged to have learned of Bushman's schemes and become Bushman's "surrogate" and "puppet" in representing DeGregorio and continuing the schemes. J.A. 2396, 2402. Curtis alleges that

---

Curtis describes "three schemes employed in the seven counterfeit claims of malpractice," involving (1) obtaining "windfall payments" through false malpractice suits, (2) depriving Curtis of earned fees through false "discharge for cause" claims, and (3) fraudulently conveying client assets to render former Curtis clients judgment proof. Br. for Pls.-Appellants at 4. The "schemes" as briefed on appeal appear to be a reframing of the schemes' components as pleaded in the proposed second amended complaint. While we look at the schemes as alleged in the proposed second amended complaint that is before us on review, this distinction makes no difference to the outcome of our analysis.

5

Levitt was recruited by and is "under the control of Bushman," *id.* at 2412, and "upon information and belief," Bushman continued to assist Levitt in "seamlessly implement[ing] the fraudulent schemes devised by Bushman," *id.* at 2411. With respect to the various clients, Curtis alleges, again "upon information and belief," that Bushman counseled Turansky that she could avoid paying fees owed to Curtis if she terminated Curtis for cause and that Bushman would represent her for "a nominal fee." *Id.* at 2406. Nichols, who is *pro se*, is alleged on "information and belief" to have been counseled behind the scenes by Bushman. *Id.* at 2384, 2415. There is a noted dearth of allegations suggesting that the clients were aware or joined in any sort of fraudulent scheme beyond their own individual cases. As these highlighted allegations indicate, the fraudulent "schemes" boil down to little more than speculative and conclusory allegations that the various defendants and others worked together under Bushman's direction. There are no facts alleged to support these implausible allegations of an overarching scheme or schemes, nor is a common intent properly pleaded. Because Curtis has failed to plead a fraudulent scheme with the requisite particularity, we need not reach the issues of additional pleading deficiencies raised by defendants.

We have considered Curtis's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6